IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CINDY SELLE,

                              Plaintiff,                                OPINION and ORDER

        v.
                                                                        21-cv-125-jdp
STATE FARM FIRE AND CASUALTY COMPANY,

                              Defendant.

---

Plaintiff Cindy Selle is suing defendant State Farm Fire and Casualty Company for failing to fully reimburse her for storm damage to her log home, which is covered by a policy she purchased from State Farm. She asserts claims for breach of contract and bad faith, and she seeks interest on any amount that was wrongfully withheld.  Selle is a citizen of Wisconsin, State Farm is a citizen of Illinois, and Selle seeks more than $75,000 in damages, so the court has jurisdiction under 28 U.S.C. § 1332.

State Farm moves for summary judgment on Selle's bad-faith claim. Dkt. 13. In her complaint, Selle alleged that State Farm acted in bad faith because it "lacked a reasonable basis in failing to pay certain undisputed portions of the insurance claim within 30 days of notice." Dkt. 1-1, ¶ 15. In its motion, State Farm says that it paid all of the undisputed portions of the claim in fewer than 30 days, and it cites supporting evidence. Dkt. 15, ¶¶ 12, 30.

In her response to State Farm's motion for partial summary judgment, Selle doesn't dispute State Farm's assertion that it promptly paid the undisputed portions of her insurance claim. In fact, Selle says nothing in her brief about the bad-faith claim that she raised in her complaint. Instead, Selle identifies two new reasons that State Farm acted in bad faith: (1) it

failed to consult with anyone who had experience with log home construction; and (2) it gave phony reasons for denying Selle's request for an appraisal.

The court will grant State Farm's motion for partial summary judgment. It is well established that "a plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment." *Anderson v. Donahoe*, 699 F.3d 989, 997 (7th Cir. 2012) (internal quotation marks omitted)). Selle's complaint didn't give notice of the factual basis of her new bad-faith claims, so it is too late to raise them now.

Even if Selle's complaint included allegations about a failure to investigate or a bad-faith denial of an appraisal, her new claims would fail. Selle's summary judgment brief and proposed findings of fact focus on alleged procedural failings that could support a finding that State Farm acted recklessly. But reckless disregard is only one element of a bad-faith claim; Selle must first show that State Farm's decision is not only incorrect but so obviously wrong that it isn't "fairly debatable." *Trinity Evangelical Lutheran Church & School–Freistadt v. Tower Ins. Co.*, 2003 WI 46, ¶ 33, 261 Wis. 2d 333, 661 N.W.2d 789. Selle simply ignores that element in her brief, so she cannot prevail on her bad-faith claim.

State Farm asks, conditionally, for leave to supplement its expert's report to address the new allegations raised by Selle in her summary judgment brief. That motion is moot because the court is granting State Farm's motion for partial summary judgment.

ORDER

IT IS ORDERED that defendant State Farm Fire and Casualty Company's motion for partial summary judgment, Dkt. 13, is GRANTED and plaintiff Cindy Selle's bad-faith claim

is DISMISSED. State Farm's motion to supplement its expert report, Dkt. 38, is DENIED as moot.

Entered March 11, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge